UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CINDY MUCKRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:  1:15-cv-504 |
| | ) |
| INDIANAPOLIS PUBLIC SCHOOL CORPORATION, | ) ) |
| | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Cindy Muckridge ("Muckridge"), by counsel, against Indianapolis Public School Corporation, ("Defendant") for its discriminatory actions against her based on her age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et. seq. ("ADEA") and her disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq.  ("ADA").

**II. PARTIES**

2. At all times relevant to this action, Muckridge resided within the Southern District of Indiana.

3. Defendant is a municipal corporation and maintains offices and conducts business in the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331, 29 U.S.C. § 626 and 42 U.S.C. § 12117.

5. Muckridge is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendant had knowledge of Muckridge's disability and/or it regarded Muckridge as being disabled and/or Muckridge has a record of being disabled.

6. Defendant is an "employer" as defined by 29 U.S.C. § 630(b) and 42 U.S.C. § 12111(5)(A).

7. Muckridge is an "employee" as defined by 29 U.S.C. § 630(f).

8. Muckridge exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendants with the Equal Employment Opportunity Commission. Muckridge received her Notice of Suit Rights for the Charge of Discrimination and timely files this action.

9. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

## IV.  **FACTUAL ALLEGATIONS**

10. Muckridge was hired in 1974 and held continuous employment with Defendant until the date of her termination.

11. Muckridge is currently sixty-three (63) years old.

12. During all relevant time periods, Muckridge met or exceeded the Defendant's legitimate performance expectations.

13. At the time of her termination, Muckridge held the position of Developmental Preschool Teacher at the Francis W. Parker Montessori School.

14. Muckridge suffers from Multiple Sclerosis which can affect her balance and speech and cause further health issues.

15. At all relevant times, Muckridge could perform the essential functions of a Developmental Preschool Teacher with, or without a reasonable accommodation.

16. In a regular newsletter created for her students' parents dated March 4, 2014, Muckridge provided a note which stated specifically, "I am informing you that I have Multiple Sclerosis. This condition may cause occasional slight changes in balance and slurred speech. I appreciate your continued support and understanding."

17. On March 14, 2014, Defendant suspended Muckridge's employment and the Human Resources Supervisor for Defendant provided a letter to Muckridge with instruction she provide the letter to her primary physician and neurologist. The letter addressed Muckridge's balance and speech issues resulting from Muckridge's disability. The letter further requested a review and statement concerning whether Muckridge was capable of continuing to perform her duties with Defendant.

18. On March 18, 2014, Muckridge's neurologist provided a response letter to the Defendant which stated that Muckridge could return to work without limitation and that she was able to perform the duties of her teaching position. On March 20, 2014, Muckridge's primary physician provided a note to the Defendant which also stated that she was able to perform the duties of her job.

19. On June 13, 2014, Muckridge was terminated from her position with Defendant. Defendant's reasoning for the termination of Muckridge is merely pre-text for a discriminatory motive.

20. Defendant has engaged in a pattern and practice of terminating older workers or forcing them into retirement; specifically administrative staff who had thirty (30) or more years of service and teachers who had forty (40) or more years of service.

21. Muckridge was terminated due to her age and disabilities and was subjected to less favorable terms and conditions in her employment than similarly-situated employees under the age of forty (40) and similarly-situated employees who did not suffer from a disability.

## V. LEGAL ALLEGATIONS

### COUNT I—ADEA-AGE DISCRIMINATION

22. Muckridge hereby incorporates paragraphs one (1) through twenty-one (21) of her Complaint as if the same were set forth at length herein.

23. Defendant has engaged in a pattern and practice of terminating older workers or forcing them into retirement; specifically administrative staff who had thirty (30) or more years of service and teachers who had forty (40) or more years of service.

24. Defendant violated Muckridge's rights as protected by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq., by discriminating against her, suspending, and then ultimately terminating her employment based upon her age.

25. Defendant's actions were intentional, willful, and in reckless disregard of Muckridge's rights as protected by the ADEA.

26. Muckridge has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II—ADA-DISABILITY DISCRIMINATION

27. Muckridge hereby incorporates paragraphs one (1) through twenty-six (26) of her Complaint as if the same were set forth at length herein.

28. Defendant violated Muckridge's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. by discriminating against her, suspending, and then ultimately terminating her employment based upon her disability.

29. Defendant's actions were intentional, willful, and in reckless disregard of Muckridge's rights as protected by the ADA.

30. Muckridge has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Cindy Muckridge, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Permanently stop from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability or age;

2. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for the Defendant's unlawful employment actions, or award her front pay;

3. Pay Plaintiff's lost wages and benefits;

4. Pay to Plaintiff liquidated damages for its discriminatory actions under the ADEA;

5. Pay to Plaintiff compensatory, consequential and punitive damages;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: baylsworth@bdlegal.com

*Attorneys for Plaintiff, Cindy Muckridge*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Cindy Muckridge, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: baylsworth@bdlegal.com

*Attorneys for Plaintiff, Cindy Muckridge*